UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Lovetta Tindal and Gloria Moreno, | |
| Plaintiffs, | |
| v. | Case No. 2:12-CV-40 JVB |
| Anthony Walker, President of Gary Public Library Board of Trustees and Members Cynthia Watts, Rayfield Fisher, Nancy Valentine, Sadie Sheffield, Jonathan Boose, and Paula Nalls, | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiffs, Lovetta Tindal and Gloria Moreno, are residents of Gary, Indiana, and patrons of the Main Branch of the Gary Public Library. Plaintiffs sought injunctive relief following the decision by Defendants, Anthony Walker and the other members of the Gary Board of Library Trustees, to repurpose the Gary Main Public Library. The Board of Library Trustees voted to close the Main Branch of the Gary Library, convert the structure to the South Shore Museum and Cultural Center, and maintain the four neighborhood libraries located throughout Gary. Plaintiffs allege Defendants violated their constitutional rights under the First, Fourth, and Fourteenth Amendments. Plaintiffs further allege, on state grounds, that Defendants are responsible for their constructive eviction from the Main Library, constructive possession of library funds, and constructive inurement.

Defendants moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs have failed to properly state a claim with sufficient factual matter that is

plausible on its face.[1] Defendants' motion requests the Court to dismiss all of Plaintiffs' federal and state claims. In their Response Plaintiffs ignore Defendants legal arguments. Instead, they state they are bringing suit against the Board members only in their official capacity and reiterate that they are still seeking injunctive relief. (DE 28, Pl.s' Resp. at 1, 3.)

**A.     Legal Standards**

**(1)** *Motion to Dismiss*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[2] As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

---

[1] Defendants do not explicitly invoke Federal Rule 12(b)(6) in their Motion to Dismiss (DE 19), but their arguments outline Plaintiffs' failure to make a claim upon which relief may be granted.

[2] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

Plaintiffs are proceeding *pro se*, so a court must employ standards less stringent than if the complaint had been drafted by counsel. *Fields v. Roswarski*, 2008 U.S. Dist. LEXIS 2866, at *1 (N.D. Ind., Jan. 11, 2008) (*quoting Haines v. Kerner*, 404 U.S. 519, 520 (1972)). A court is required to accept all well-pleaded factual allegations as true, and "construe such allegations in favor of the plaintiff." *Id.* (*citing Roots P'ship v. Lands' End, Inc.*, 965 F.2d 1411, 1416 (7th Cir. 1992). Although ambiguities in the complaint should be interpreted in the plaintiff's favor, *Canedy v. Boardman*, 16 F.3d 183, 188 (7th Cir. 1994), a court does not need to struggle to find inferences favorable to the plaintiff which are not apparent on the face of the complaint, *Coates v. Illinois State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977), or ignore factual allegations set forth in the complaint that undermine the plaintiff's claim. *City Nat'l Bank of Fla. v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994).

## 2. *Supplemental Jurisdiction of State Law Claims*

District courts may exercise supplemental jurisdiction over state law claims when they are closely related to the federal claims presented to the court. 28 U.S.C. § 1367(a) (2012). The standard predominantly followed in the Seventh Circuit is for district courts to dismiss state

claims, without prejudice, when all federal claims have been dismissed before trial. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). However, if state and federal claims "are so entangled" that "rejection of the latter probably entails rejection of the former," the court should retain supplemental jurisdiction. *Coe v. Cnty. of Cook*, 162 F.3d 491, 496 (7th Cir. 1998). This is the preferred course of action when a state-law claim is clearly without merit because it spares overburdened state courts additional work that they do not want or need. *Nelson v. Welch (In re Repository Techs. Inc.)*, 601 F.3d 710, 725 (7th Cir. 2010) (citing *Coe*, 162 F.3d at 496).

**B.     Discussion**

**(1)    *Title 42 U.S.C. § 1983 Claims***

Plaintiffs claim Defendants violated their First, Fourth, and Fourteenth Amendment rights entitling them to injunctive relief. While not stated by Plaintiffs, it is apparent they are invoking 42 U.S.C. § 1983 as a method for vindicating federal rights elsewhere conferred. *Steele v. Trigg*, 1992 U.S. App. LEXIS 28955, at *3 (7th Cir. Nov. 3, 1992) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)).

In the Complaint the Plaintiffs quote the First Amendment but provide no further reasoning for why Defendants' actions have limited their speech. (DE 1, Compl. at 1–3.) As explained in *Ashcroft* and *Twombly*, merely reciting elements of a cause of action and conclusory statements do not satisfy the standard for pleading. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Plaintiffs next assert their Fourth Amendment rights were violated by the closure of the Main Library. Plaintiffs claim their "home of knowledge" was subject to unlawful search and seizure due to the closure of the Main Branch of the Gary Public Library. The Fourth

Amendment's use of the term seizure is interpreted as "some meaningful interference with an individual's possessory interests in property." *Soldal v. Cook Cnty.*, 506 U.S. 56, 61 (1992) (citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). Plaintiffs have not properly alleged a violation of the Fourth Amendment as they have not shown any property interest in the library. *See, e.g., Concealed Carry v. City of Chi.,* 2003 U.S. Dist. LEXIS 17425, at *15 (N.D. Ill. Sept. 30, 2003) (finding no unlawful seizure or violation of the Fourth Amendment present when protestors were forced to demonstrate at a different suitable location within the same public area).

Additionally, Plaintiffs maintain that Defendants have deprived them of their Fourteenth Amendment rights by enforcing "their own law and . . . depriving them of their liberty." (DE 1, Compl. at 3.) This statement is too conclusory, even under the liberal construction standards applied for *pro se* plaintiffs, to entitle Plaintiffs to any relief. This blanket assertion does not indicate to the Court or Defendants which alleged actions correspond to these claims. *See Burton v. City of Franklin*, 2011 U.S. Dist. LEXIS 78161, at *3–4 (S.D. Ind. July 18, 2011).

**(2)** *State Claims Against Defendants*

Plaintiffs' state law claims, articulated as "Constructive Eviction, Constructive Possession, and Constructive Inurement" (DE 1, Compl. at 4.), are so "entangled with the federal claims that the rejection of the latter . . . entails rejection of the former as well." *Coe v. Cook Cnty*. 162 F.3d 491, 496 (7th Cir. 1998). Plaintiffs' stated causes of action are too conclusory. Plaintiffs allege they have been denied access to the library, the Board is using library funds for the development of a museum, and "the Board of Library Trustees acclimatized employees and citizens to unfavorable conditions." (DE 1, Compl. at 4.) No Indiana statute provides Plaintiffs a

property interest in municipality-controlled land that they could base their claims upon. Plaintiffs are clearly upset by the actions of the Library Board of Trustees, but the alleged state law violations do not entitle them to relief.

**C. Conclusion**

The Court finds that Plaintiffs have failed to state a federal claim upon which relief can be granted. Plaintiffs Indiana state law claims fare no better and do not require further litigation in state courts.

As a result, the Court GRANTS Defendants' Motion for Dismissal (DE 18) and directs the Clerk to dismiss the entire case pursuant to Federal Rule of Civil Procedure 12(b)(6).

SO ORDERED on June 26, 2012.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE